UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN T. ORTON,

    Plaintiff,

v.                                                CASE No. 8:10-CV-2295-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a high school education, has previously worked as a printing press operator (Tr. 71, 76, 407). He filed claims for

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to severe back pain and heart problems (Tr. 70).[2] The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from severe impairments of degenerative disc disease of the lumbar spine, coronary artery disease with history of myocardial infarction, and depression/anxiety (Tr. 15). He concluded that these impairments limited the plaintiff to a reduced range of light work (Tr. 17). Specifically, the law judge found the following (Tr. 17-18):

> [T]he claimant has the ability to occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk less than 6 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes or scaffolds. He would have to avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, etc., and hazards.

---

[2]At the administrative hearing, the plaintiff amended his onset date from April 1, 2007, to September 10, 2007 (Tr. 13, 425-26).

The law judge determined that the plaintiff's limitations precluded a return to prior work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge decided that jobs exist in the national economy that the plaintiff could perform, such as small products assembler, merchandise marker, and telephone surveyor (Tr. 21). Accordingly, the law judge ruled that the plaintiff was not disabled (Tr. 22). The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 404.1520(b), 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to

whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

### III.

The plaintiff challenges the law judge's decision on the ground that there is an ambiguity in the law judge's determination of the plaintiff's residual functional capacity. He asserts further that the jobs identified by the vocational expert amounted only to sedentary work, and, if the plaintiff were limited to such work, he would be disabled under the grids. Neither contention warrants reversal.

A. The plaintiff contends first that his residual functional capacity determination is uncertain because the law judge failed to identify

sufficiently the plaintiff's limitations for standing and walking (Doc. 20, pp. 8-9). The law judge stated in his decision that the plaintiff was capable of "a reduced range of light work," and said that he can "stand and/or walk less than 6 hours in an 8 hour workday" (Tr. 17). The plaintiff argues that the law judge's finding that the plaintiff could "stand and/or walk less than 6 hours in an 8 hour workday" lacks the requisite specificity because "'less than' 6 hours can mean 1 minute or 5.9 hours" (Doc. 20, p. 8).

The apparent point of the law judge's finding that the plaintiff could stand or walk less than six hours in an eight-hour workday was to determine whether the plaintiff could return to his prior work in printing. Thus, the vocational expert testified that, if the plaintiff could stand or walk for six hours in an eight-hour workday and had the other limitations set out in the residual functional capacity, then the plaintiff could return to prior work (Tr. 420). However, he testified that, if the plaintiff could not stand or walk for six hours, he could not perform his past work (Tr. 421). Accordingly, the finding that the plaintiff could stand or walk for less than six hours was intended to resolve the issue at step four whether the plaintiff could return to past work.

Furthermore, the imprecision in the residual functional capacity regarding standing or walking was clarified by the operative hypothetical question to the vocational expert. The law judge added to the initial hypothetical question a sit/stand option at will (Tr. 421). The vocational expert responded that the plaintiff with such limitations could perform light work in the national economy, such as small products assembler, merchandise marker, and telephone survey worker (id.). In concluding that the plaintiff was not disabled, the law judge relied on the vocational expert's response to the second hypothetical and found that the plaintiff could perform these jobs (Tr. 21-22). Under these circumstances, the residual functional capacity determination regarding standing or walking was effectively modified to require a sit/stand option. That eliminates any ambiguity in the residual functional capacity concerning standing or walking. Thus, the ambiguity, if error, was harmless.

B. Next, the plaintiff argues that the sit/stand option essentially limits him to sedentary work and, under that circumstance, the guidelines direct that he is disabled (Doc. 20, p. 10). This contention is meritless for several reasons.

In the first place, the argument ignores the way the sequential analysis operates. Thus, under the regulations, before proceeding to step four of the sequential analysis, the law judge must determine the plaintiff's residual functional capacity. 20 C.F.R. 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In this case, the law judge found that the plaintiff's residual functional capacity was a reduced range of light work (Tr. 17). Significantly, except for the complaint about the ambiguity in the finding regarding standing or walking, the plaintiff does not challenge any of the findings in the law judge's determination of the plaintiff's residual functional capacity. Since the plaintiff's residual functional capacity determination prior to step four was for "a reduced range of light work," the grids do not come into play at step five.

The Eleventh Circuit has held that "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). Here, the plaintiff had standing and walking limitations, as well as postural and environmental limitations. Under these circumstances, the grids could not be used at either

the light or sedentary level. See Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992); Allen v. Sullivan, 880 F.2d 1200 (11th Cir. 1989). Consequently, the plaintiff cannot rely upon the grids at the sedentary exertional level to direct a finding that he is disabled.

Furthermore, the plaintiff's underlying premise, that a sit/stand option at will essentially reduces his functioning to a sedentary level, is erroneous (Doc. 20, pp. 14, 16, 17). Thus, the plaintiff acknowledges that Eleventh Circuit cases "in which RFC's involving light work with a sit/stand option have been affirmed" are "too numerous to cite" (id., p. 15). See, e.g., Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004); Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 697 (11th Cir. 2006). Therefore, the sit/stand option does not establish that the plaintiff is limited to sedentary work.

The plaintiff argues the caselaw is distinguishable because a "sit/stand option" allows a person to sit "periodically," whereas a "sit/stand option at will" means that the claimant has the option to sit as long as necessary, thereby effectively allowing the plaintiff to perform the job in a sedentary manner (Doc. 20, pp. 15-16). This distinction, which the plaintiff does not support with any legal authority, is frivolous. Thus, "at will" is

merely superfluous language. A "sit/stand option" allows a plaintiff to change positions of his "own volition." Williams v. Barnhart, 140 Fed. Appx. 932, 937 (11th Cir. 2005). Accordingly, the terms "sit/stand option" and "sit/stand option at will" were used interchangeably at the hearing (Tr. 421-23). Therefore, the plaintiff's limitation to a "sit/stand option" or a "sit/stand option at will" does not establish that the plaintiff is restricted to sedentary work.

In addition, the plaintiff's argument erroneously relied upon the vocational expert's testimony that the sit/stand option can effectively turn a job into sedentary work (Doc. 20, p. 16; Tr. 423). That testimony is taken out of context. It ignores the vocational expert's testimony that the three types of jobs the plaintiff could perform are categorized as light work. Moreover, they are classified as light work in the Dictionary of Occupational Titles. The expert explained that, even if a sit/stand option permits a person to sit the entire day, other aspects of those jobs concerning lifting and/or carrying, and the use of hand or foot controls, may require a light level of exertion (Tr. 421, 422, 423-24). Thus, simply because one aspect of the job could be performed in a sedentary manner does not show that the plaintiff is limited to the performance of sedentary work. Accordingly, the law judge found that the

jobs he said the plaintiff could perform constituted light work (Tr. 21). The presence of a sit/stand option, therefore, does not compel a finding that the plaintiff was limited to sedentary work.

For these reasons, the plaintiff fails in his attempt to invoke the sedentary exertional level of the grids.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is AFFIRMED. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ___ day of December, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE